# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-60036
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2023

Lyle W. Cayce
Clerk

MIRIAM MARISELA GUARDADO-CARIAS; GABRIEL ALEJANDO SORIANO-GUARDADO,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 803 929,
A206 803 930

————————————————————

Before BARKSDALE, SOUTHWICK and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Miriam Marisela Guardado-Carias, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Torture (CAT).    (Her son, Gabriel Alejando Soriano-Guardado, is a derivative beneficiary on her application.)

We review the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA. *Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020).  Factual determinations that an alien is ineligible for asylum, withholding of removal, or CAT protection are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under that standard, Guardado "must show that the evidence was so compelling that no reasonable factfinder could conclude against it".  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

Regarding asylum, substantial evidence supports the BIA's determination that Guardado failed to demonstrate past persecution or a well-founded fear of persecution.

For past persecution *vel non*, the threats recounted by Guardado were vague and lacked immediacy and were therefore insufficient to constitute persecution. *See Munoz-Granados*, 958 F.3d at 407.  The evidence does not compel the conclusion that the past harm rose to the level of persecution. *See id.*; *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019); *see also Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (providing economic extortion is not a recognized form of persecution).

Unable to show past persecution, she had the burden of establishing a well-founded fear of persecution, including that relocation within her home country would be unreasonable. *Munoz-Granados*, 958 F.3d at 407; 8 C.F.R. § 208.13(b)(2)(ii), (b)(3).  The record shows the threatening conduct relating to the death of a cousin ceased after Guardado's family relocated to live with Guardado's sister. The decision to move away from the sister's neighborhood due to general fear of gangs is insufficient to satisfy her burden regarding relocation. *See Munoz-Granados*, 958 F.3d at 408 ("[A] fear of

general violence and civil disorder is not sufficient to support a fear of future persecution".).

Additionally, when Guardado's husband was subjected to monetary extortion years later in a different city, the family did not attempt to relocate within Honduras before leaving for the United States. Guardado presented no evidence of further harm to her family during their remaining time in Honduras or that any relatives still in Honduras were being harmed. She fails to show the evidence compels a determination that relocation would be unreasonable.

Therefore, substantial evidence supports the BIA's relocation finding and its denial of asylum. *See id.* at 407–08; *Cruz v. Barr*, 929 F.3d 304, 309–10 (5th Cir. 2019). And, because she fails to demonstrate eligibility for asylum, she cannot satisfy the higher burden for withholding of removal. *See Munoz-Granados*, 958 F.3d at 408.

Finally, for CAT protection, Guardado had to show it is more likely than not she would be tortured in Honduras by, or with the acquiescence of, a public official or other person acting in an official capacity. 8 C.F.R. § 208.18(a)(1). Given that the claimed harm did not rise to the level of persecution, it follows that it does not meet the higher bar of torture. *E.g.*, *Munoz-Granados*, 958 F.3d at 408; *Qorane*, 919 F.3d at 911. Therefore, substantial evidence supports the denial of CAT relief.

DENIED.